# ORIG1NAL

LAUREL GREENSTEIN

Debtor Pro Se

> **FILED**
> DEC 27 2013
> CLERK U.S. BANKRUPTCY COURT
> CENTRAL DISTRICT OF CALIFORNIA
> BY: _____ Deputy Clerk

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

IN RE: Laurel Greenstein    )    **Case # 1:12-bk-15099-AA**

)

Debtor    **Chapter 7**

)    **Motion to Set Aside Sale of**

)    **Property Made in Violation**

)    **of Automatic Stay.**

Debtor, Laurel Greenstein, in making this motion,

respectfully represents:

1. Wells Fargo Bank, N.A., conducts its business at 420

   Montgomery St., San Francisco, CA., 94104 and may be

   served at that address.

2. This motion arises out of plaintiff's case under

   Chapter 7, Case No1:12-bk-15099-AA, now pending on

   the docket of this court. This court has jurisdiction

   over this motion pursuant to 28 U.S.C §§157, 1334 and

   11 U.S.C. §362.

3. The debtor filed a voluntary petition under chapter 7

   of the Bankruptcy Code on May 31, 2012.

4. At the commencement of the chapter 7 case, plaintiff

   owned and occupied certain real property described as

   follows:

Lot 4092, Tract No. 6170, in the city of Los Angeles

county of Los Angeles, state of California, as per

map recorded in book 84, pages 82 through 84,

inclusive of , in the office of the county recorder

of said county, commonly known as 5160 Llano Drive,

Woodland Hills, California, 91364.


5. At the time of the filing of the petition under

chapter 7, Wells Fargo Bank, N.A. held a first lien

on said property, although debtor questions whether

said lien had been duly perfected and challenges the

clear standing of Wells Fargo Bank, N.A. with regards

to said lien.


6. The Trustee appointed in this case, Nancy Zamora, has

abandoned said real estate and is asserting no

further interest in or claim against it for the

benefit of the debtor's estate.

7. The debtor's discharge has not been entered in this chapter 7 case.

8. Wells Fargo Bank, N.A. has never applied to this court for a Relief from the Automatic Stay in debtor's bankruptcy as relates to the property aforementioned.

9. Wells Fargo Bank, N.A., without having obtained from this court a modification of the automatic stay afforded by 11 U.S.C §362, proceeded to foreclose its first lien on said property on July 11, 2012 and recorded its foreclosure deed in the Clerk's office of Los Angeles, California on November 9, 2012.

11. Debtor contends the foreclosure sale by Wells Fargo Bank, N.A., as set out above, was in violation of 11 U.S.C. §362, is void, and should be set aside.

WHEREFORE, Debtor respectfully requests this Court enter an order finding that the foreclosure aforementioned was in violation of the automatic stay, and directing Wells Fargo Bank to notify the Clerk's office of Los Angeles, California that the deed should be stricken from the records, and for such other and further relief as the Court deems proper and just.

_Laurel Greenstein_        12/27/13

Laurel Greenstein

17639 Sherman Way

Ste. A, PMB #35

Van Nuys, CA 91406

POINTS AND AUTHORITIES

The singular issue presented in this motion is if the sale of the property mentioned was in violation of the automatic stay in Debtor's bankruptcy?

It is debtor's position that the controlling law is found in 11 U.S.C. § 362 : US Code, which provides:

*"(a) Except as provided in subsection (b) of this*

*section, a petition filed under section 301, 302, or 303*

*of this title, or an application filed under section*

*5(a)(3) of the Securities Investor Protection Act of*

*1970, operates as a stay, applicable to all entities, of*

*- (1) the commencement or continuation, including the*

*issuance or employment of process, of a judicial,*

*administrative, or other action or proceeding against the*

*debtor that was or could have been commenced before the*

*commencement of the case under this title, or to recover*

*a claim against the debtor that arose before the*

*commencement of the case under this title; (2) the*

*enforcement, against the debtor or against property of*

*the estate, of a judgment obtained before the*

*commencement of the case under this title; (3) any act to*

*obtain possession of property of the estate or of*

*property from the estate or to exercise control over*

*property of the estate; (4) any act to create, perfect,*

*or enforce any lien against property of the estate; (5)*

*any act to create, perfect, or enforce against property*

*of the debtor any lien to the extent that such lien*

1  *secures a claim that arose before the commencement of the*

2

3  *case under this title; (6) any act to collect, assess, or*

4  *recover a claim against the debtor that arose before the*

5

6  *commencement of the case under this title;"*

7  Applying the above law to the facts of this matter, we

8

9  see that since an automatic stay covered the property of

10  debtor known as 5160 Llano Drive, Woodland Hills, CA.,

11

12  91364; and the automatic stay was never lifted; that the

13  sale made by Wells Fargo Bank on July 11, 2012, was void.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

To further explore if a sale made in violation of an

existing automatic stay is void or voidable, the basic

rule applicable to the issue is found in 954 F.2d 569

(1992), Schwartz  v. U.S. A., which states, "Our decision

today clarifies this area of the law by making clear that

violations of the automatic stay are void, not voidable.

*See In re Williams,* 124 B.R. 311, 316-18

(Bankr.C.D.Cal.1991)


 Applying the above rules to the facts of this matter, we

see that since an automatic stay covered the property of

debtor known as 5160 Llano Drive, Woodland Hills, CA.,

91364; that the automatic stay was never lifted; that the

sale made by Wells Fargo Bank on July 11, 2012, was

indeed void and the debtor was not required to do

anything to enforce it.

        "Any act taken in violation of an automatic stay

in bankruptcy (11 USC §362) is void. *Parker v. Bain*, 68

F.3d 1131, 1138 (9th Cir. 1995).

She lost her home. This circuit knows this type of situation not only to be a harm reasonably known to all, but an irreparable one, too. Sundance Land Corp. v. Community First Fed'l Sav. & Loan Ass'n, 840 F.2d 653, 661 (9th Cir. 1988). Moreover, Galope declared she incurred expenses and attorney fees in remedying the stay violation which defendants do not refute. Because Galope has not been compensated for her damages yet, her claim is not "moot." In re Davis 177 BR 907, 911-912 (9th Cir BAP 1995).


Additionally, in 390 F.3d 1139, re George E. DAWSON and Barbara J. Dawson, Debtors, it was stated, "We conclude, then, that the "actual damages" that may be recovered by an individual who is injured by a willful violation of the automatic stay, 4 11 U.S.C. § 362(h), include damages for emotional distress. In so holding, we join an emerging consensus recognizing the availability of damages for emotional distress that results specifically from a willful violation of the automatic stay."

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURFT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

Findings of Fact and Conclusions of Law

After due notice to the parties, this Motion came on for

hearing. After hearing and considering the pleadings, the

evidence, and the argument of parties, the court makes

the following findings of fact and conclusions of law:

FINDINGS OF FACT

1. The debtor filed a voluntary petition under chapter 7

   of the Bankruptcy Code on May 31, 2012.

2. At the time of the filing of the petition the debtor

   owned the Lot 4092, Tract No. 6170, in the city of

   Los Angeles county of Los Angeles, state of

   California, as per map recorded in book 84, pages 82

   through 84, inclusive of maps, in the office of the

   county recorder of said county, commonly known as

   5160 Llano Drive, Woodland Hills, Ca., 91364, as

   described in the motion.

3. At the time of the filing of the petition, Wells

   Fargo Bank, N.A., was the holder of a first lien on

the debtor's property, although perfection of said

lien is challenged by debtor.

4. On October 4, 2012, the trustee appointed in debtor's

chapter 7 case abandoned the estate's interest in the

Property.

5. Wells Fargo Bank, N.A., without having obtained

relief from the stay imposed by 11 U.S.C § 362,

foreclosed, under the powers of sale, its first

security interest, and recorded its foreclosure deed

thereafter.

6. The debtor's discharge has not been granted or denied

in her chapter 7 case, and the case has not been

closed or dismissed.

CONCLUSIONS OF LAW

1. The stay against the sale of Debtor's property as set
   out in 11 U.S.C. § 362, was in full force and effect
   on the date of the sale of Debtors noted property.

2. Upon abandonment by the trustee, the real estate
   described in debtor's motion was no longer property
   of the estate.

3. Upon abandonment by the trustee, the stay of section
   362(a)(4) terminated.

4. Upon abandonment of the real property by the trustee,
   such property reverted to, and again became, property
   of the debtor.

5. The stay under section 362(a)(5) operates as a stay
   of any act to create, perfect or enforce any lien
   against property of the debtor to the extent that
   such lien secures a claim that arose before the
   commencement of the chapter 7 case.

6. The stay under section 362 (a)(5) continued after

   abandonment by the trustee, and after the foreclosure

   sale was conducted by the lien-holder, because none

   of the events have occurred which would terminate the

   stay,

7. The foreclosure by Wells Fargo Bank, N.A. was in

   violation of this stay, is void, and should be set

   aside.

Dated:

BY THE COURT

_____

Honorable Judge Alan Ahart

United States Bankruptcy Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15  DECLARATION OF LAUREL GREENSTEIN

16
17
18   I, Laurel Greenstein, I make this declaration of my own

19  personal knowledge as to those matters I state as fact;

20  as to other matters, I believe them to be true.

21
22      If called as a witness, I could and would testify

23  competently to what is in this declaration.

24
25
26      I filed a voluntary petition under chapter 7 of the

27      Bankruptcy Code on May 31, 2012.

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

At the commencement of the chapter 7 case, I owned

and occupied certain real property described as

follows:


Lot 4092, Tract No. 6170, in the city of Los Angeles

county of Los Angeles, state of California, as per

map recorded in book 84, pages 82 through 84,

inclusive of , in the office of the county recorder

of said county, commonly known as 5160 Llano Drive,

Woodland Hills, California, 91364.


At the time of the filing of the petition under

chapter 7, Wells Fargo Bank, N.A. held a first lien

on said property, although I question whether said

lien had been duly perfected and challenge the clear

standing of Wells Fargo Bank, N.A. with regards to

said lien.


The Trustee appointed in this case, Nancy Zamora, has

abandoned said real estate and is asserting no

further interest in or claim against it for the

benefit of the debtor's estate.


The debtor's discharge has not been entered in the

chapter 7 case.


Wells Fargo Bank, N.A. did not apply for a Relief

from Stay in my bankruptcy.


Wells Fargo Bank, N.A., without having obtained from

this court a modification of the automatic stay

afforded by 11 U.S.C §362, proceeded to foreclose its

first lien on said property on July 11, 2012 and

recorded its foreclosure deed in the Clerk's office

of Los Angeles, California on November 9, 2012.


The property was sold for the sum of $563,411.26. I have

seen it listed on Zillow.com for $975,000 between July

11, 2012 and December 20, 2013, and on or about December

20, 2013 for $865,000.  According to Wells Fargo Bank's

2012 1099-A, Acquisition or Abandonment of Secured

Property, fair market of the property on July 11, 2012 was $675,000.

The sale of my home and subsequent eviction have caused me actual damages in financial harm and severe emotional distress.

I declare the foregoing to be true and correct under penalty of perjury on December 27, 2013, executed in Woodland Hills, California.

Laurel Greenstein

Exhibits


A. Notice of Filing Bankruptcy

   (Date Automatic Stay went into effect)


B. Trustee's Deed Upon Sale

   (Date the Purported Sale was Recorder)


C. Email from Bankruptcy Trustee to Wells Fargo Bank
   demanding the purported sale be reversed


D. Trustee's Notice of Intent to Abandon Property


E. Wells Fargo's 2012 Form 1099-A, Acquisition or
Abandonment of Secured Property, showing Wells Fargo
Bank's belief of the Fair Market value of the
Property

United States Bankruptcy Court
Central District Of California

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was
filed under Chapter 7 of the United States Bankruptcy Code,
entered on 05/31/2012 at 3:30 PM and filed on 05/31/2012.

**FILED**
**05/31/2012**

**Laurel Belkin Greenstein**
5160 Llano Dr
Woodland Hills, CA 91364
SSN / ITIN: xxx-xx-3455
*aka* **Laurel Greenstein**

   The bankruptcy trustee is:

   **Nancy J Zamora (TR)**
   U.S. Bank Tower
   633 West 5th Street, Suite 2600

   Los Angeles, CA 90071
   213-488-9411

The case was assigned case number 1:12-bk-15099-AA to Judge Alan M. Ahart.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page www.cacb.uscourts.gov or at the Clerk's Office, 21041 Burbank
Blvd,, Woodland Hills, CA 91367-6603.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

                              **Kathleen J. Campbell**
                              **Clerk, U.S. Bankruptcy**
                              **Court**

*Exhibit A  page 1 of 1*

RECORDER MEMO: This COPY `` NOT an OFFICIAL RECORD.

WHEN RECORDED MAIL TO:

WELLS FARGO BANK, NA FKA WACHOVIA MORTGA
4101 WISEMAN BLVD.
SAN ANTONIO TX 78251



11/13/2012

*20121714705*

TRA #   000037
Trust No. 1334402-02

_Space Above This Line For Recorder_

MAIL TAX STATEMENT TO:

Same as above

*This instrument is being recorded as an
ACCOMMODATION ONLY, with no
Representation as to its effect upon title*

Documentary Transfer Tax $.00
X Grantee was the foreclosing beneficiary.
consideration $563,411.26
unpaid debt $563,411.26
non exempt amount $
__Computed on the consideration or value of
property conveyed.
__Computed on the consideration of value less
liens or encumbrances remaining at time of sale.

*QUalencia*
Signature of Declarant or Agent
AP# 2075-035-033   *Guadalupe Valencia*

*110364358*

## TRUSTEE'S DEED UPON SALE

CAL-WESTERN RECONVEYANCE CORPORATION (herein called trustee) does hereby grant and
convey, but without covenant or warranty, express or implied to WELLS FARGO BANK, N.A., ALSO
KNOWN AS WACHOVIA MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A., AND
FORMERLY KNOWN AS WACHOVIA MORTGAGE, FSB, FORMERLY KNOWN AS WORLD
SAVINGS BANK, FSB. (herein called Grantee) the real property in the county of LOS ANGELES, State of
California described as follows:

LOT 4092, TRACT NO. 6170, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES,
STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 84 PAGES 82 TO 84 INCLUSIVE OF
MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.
The street address and other common designation, if any, of the real property described above is purported to be:
5160 LLANO DR
WOODLAND HILLS  CA  91364-2902

This conveyance is made pursuant to the authority and powers vested in said Trustee, as Trustee, or Successor
Trustee, or Substituted Trustee, under that certain Deed of Trust executed by LAUREL BELKIN-
GREENSTEIN, AN UNMARRIED WOMAN as Trustor, recorded January 30, 2007, as Document No.
20070190150, in Book XX, page XX, of Official Records in the Office of the Recorder of LOS ANGELES
County, California; and pursuant to the Notice of Default recorded July 25, 2011, as Document No.
20110986366 in Book XX, page XX of Official Records of said County, Trustee having complied with all
applicable statutory requirements of the State of California and performed all duties required by said Deed of
Trust, including, among other things, as applicable, the mailing of copies of notices or the publication of a copy
of the notice of default or the personal delivery of the copy of the notice of default or the posting of copies of the
notice of sale or the publication of a copy thereof.

TDUSCA.DOC                                                              Page 1 of 2

*Exhibit B*
*page 1 of 2*

8

RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.

TRA #    000037
Trust No. 1334402-02

*3*

At the place fixed in the Notice of Trustee's Sale, said Trustee did sell said property above described at public auction on July 11, 2012 to said Grantee, being the highest bidder therefore, for $563,411.26 cash, lawful money of the United States, in satisfaction pro tanto of the indebtedness then secured by said Deed of Trust.

CAL-WESTERN RECONVEYANCE CORPORATION

Dated: 11-9-12

Monica L. Gonzalez, A.V.P.

State of California
County of San Diego

On NOV - 9 2012 before me, Susan L. Meyers
a Notary Public, personally appeared  Monica L. Gonzalez , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal                    (Seal)

Signature

SUSAN L. MEYERS
Commission # 1858295
Notary Public - California
San Diego County
My Comm. Expires Jul 27, 2013

TDUSCA.DOC                                                        Page 2 of 2

*Exhibit B page 2 of 2*

RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.

**From:** zamora3@aol.com [mailto:zamora3@aol.com]
**Sent:** Wednesday, July 11, 2012 3:31 PM
**To:** Dean A. Reeves
**Cc:** behnaztavakoli@aol.com; laurel.greenstein@yahoo.com
**Subject:** 5160 Llano Drive, Woodland Hills, CA 91364; Laurel Belkin Greenstein, case no. 1:12-bk-15099-AA

Mr. Reeves:

Thank you for your call this afternoon.

This e-mail contains a brief summary of the current situation and some matters that I believe can be part of a compromise in this case.

First, I have reviewed the order for relief from stay in the chapter 13 case of Roger Lipkis, case no. 1:11-bk-23430-MT.

**There is no in rem relief contained in the order.**

I am attaching the documents filed with the county recorder's office related to this real property, including a certified copy of the order.

Second, my realtor is ready to list the real property for $749,000. I will be filing an employment application tomorrow and asking her to commence marketing immediately. Please be advised that there is a notice of noncompliance issued by the City that requires work to be completed by a handyman. Additionally, the house needs to be cleaned and clutter removed in order to get the best price possible. These costs need to be advanced and reimbursed from the sale.

Third, the credit bid/sale that occurred in violation of the automatic stay in Ms. Greenstein's bankruptcy case needs to be reversed immediately. There is an adequate equity cushion in this case (Wells Fargo debt of $560,000; city lien of approximately $3,000; value of $749,000; costs of sale @ 7% $52,430; equity cushion approximately $133,570.00) such that any motion for relief from stay would fail.

Fourth, you and I discussed that I need at least 90 days to market the real property in order to obtain an offer and open an escrow. Thereafter, I will file a motion to obtain bankruptcy court approval of the sale. In all, I expect that a sale would close within 180 days from now.

Fifth, there are a number of issues that need to be the subject of a compromise or stipulation by and among Wells Fargo, Debtor and me, as Trustee. These include:

1. Debtor's reduced homestead exemption,

2. Debtor's agreement to vacate the premises and deliver the real property vacant (including removal of the third party tenant currently residing at the property) prior to the close of escrow,

3. Resolution of the pending litigation that Debtor filed against Wells Fargo and that is now property of the bankruptcy estate, and

4. Freezing the amount of Wells Fargo's payoff amount for the bankruptcy sale of the real property.

Please let me know if there are other issues that you believe should be included.

I look forward to a prompt resolution of the oustanding issues.

I can be reached by e-mail or by phone at 213-488-9411.

*Exhibit C*
*page 1 of 2*

Thank you,

Nancy Zamora
Chapter 7 Trustee

*Exhibit 2*
*page 2 of 2*

## File a Notice:

1:12-bk-15099-AA Laurel Belkin Greenstein

| | | |
|---|---|---|
| Type: bk | Chapter: 7 v | Office: 1 (San Fernando Valley) |
| Assets: y | Judge: AA | Case Flag: NoFeeRequired |

### U.S. Bankruptcy Court

### Central District Of California

Notice of Electronic Filing

The following transaction was received from Nancy J Zamora (TR) entered on 10/4/2012 at 12:49 PM
PDT and filed on 10/4/2012
**Case Name:**          Laurel Belkin Greenstein
**Case Number:**       1:12-bk-15099-AA
**Document Number:** 58

**Docket Text:**
Notice of Proposed Abandonment of Property of the Estate *with proof of service* Filed by Trustee Nancy
J Zamora (TR). (Zamora (TR), Nancy)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**Notice of Abandonment.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=10/4/2012] [FileNumber=59265824-
0] [6739c842ef002c0237576d7c79462462153115d82044eb3485de34f95bd6bd2015
a8c6137a34f4de834d9bcd098074120cbc50efbf853fef4d84b037c9495393]]

**1:12-bk-15099-AA Notice will be electronically mailed to:**

Adam N Barasch on behalf of Defendant Wells Fargo Bank Na
anb@severson.com

Kelly L Morrison on behalf of U.S. Trustee United States Trustee (SV)
kelly.l.morrison@usdoj.gov

Marisol A Nagata on behalf of Defendant Barratt Daffin Frapier and Weiss LLP
cdcaecf@bdfgroup.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Steven A Wolvek on behalf of Defendant Steven Wolvek
wolveklaw@sbcglobal.net

Nancy J Zamora (TR)

*Exhibit D*
*page 1 of 7*

zamora3@aol.com, nzamora@ecf.epiqsystems.com

**1:12-bk-15099-AA Notice will not be electronically mailed to:**

BIGGS & CO

,

Biggs & Co.
3250 Ocean Park Blvd.
Suite 350
Los Angeles, CA 90405

Laurel Belkin Greenstein
5160 Llano Dr
Woodland Hills, CA 91364

Rodeo Realty, Inc.

,

*Exhibit D*
*p. 2 of 7*



1   NANCY HOFFMEIER ZAMORA (State Bar No. 137326)
    U.S. Bank Tower
2   633 West 5th Street, Suite 2600
    Los Angeles, California    90071
3   (213) 488-9411    FAX:  (213) 488-9418
    e-mail:  zamora3@aol.com
4
    Chapter 7 Trustee
5

6

7                UNITED STATES BANKRUPTCY COURT

8               CENTRAL DISTRICT OF CALIFORNIA

9            SAN FERNANDO VALLEY DIVISION

10

11   In re                  )   Case No. 1:12-bk-15099-AA
                              )
12   LAUREL GREENSTEIN,        )   Chapter 7
                              )
13          Debtor.        )   NOTICE OF TRUSTEE'S INTENT
                              )   TO ABANDON REAL PROPERTY
14                             )   AND PERSONAL PROPERTY
                              )
15                               )   [NO HEARING REQUIRED]
    _____)   [Local Rule 6007-1]
16

17       TO DEBTOR, ALL CREDITORS, THE OFFICE OF THE UNITED STATES

18   TRUSTEE, AND OTHER INTERESTED PARTIES:

19       PLEASE TAKE NOTICE that pursuant to Section 554(a) of the

20   Bankruptcy Code [11 U.S.C. § 554(a)], the undersigned, duly

21   appointed chapter 7 trustee ("Trustee") of the bankruptcy estate

22   (the "Estate") in the above-captioned case (the "Case") of debtor

23   Laurel Greenstein ("Debtor"), intends to, and will abandon the

24   following described real property as burdensome and of

25   inconsequential value to the Estate, unless, within fourteen (14)

26   days from the date of service of this Notice, a creditor or other

27   interested party files a written Objection and Request for

28   Hearing with the Clerk of the United States Bankruptcy Court,

Greenstein/NOTICE OF ABANDONMENT.001

*Exhibit D*
*p. 3 of 7*

21041 Burbank Boulevard, Woodland Hills, California  91367, and

serves a copy of such request on Trustee.  Trustee intends to

abandon the following real property scheduled by Debtor:

5160 Llano Drive, Woodland Hills, California 91364

and any interest of the Estate in the personal property scheduled

by Debtor in Debtor's Schedule B.

If no Objection and Request for Hearing is timely filed and

served, Trustee may take the proposed action and Trustee will be

deemed to have abandoned any interest in the property fourteen

(14) days from the date of mailing of this Notice, which date is

noted below.

DATED: October 4, 2012

NANCY HOFFMEIER ZAMORA
Chapter 7 Trustee

*Exhibit D*
*p. 4 of 7*

2

Greenstein/NOTICE OF ABANDONMENT.001

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

U.S. Bank Tower, 633 West 5th Street, Suite 2600, Los Angeles, CA 90071

A true and correct copy of the foregoing document entitled (*specify*):

NOTICE OF TRUSTEE'S INTENT TO ABANDON REAL PROPERTY AND PERSONAL PROPERTY

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On October 4, 2012, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

United States Trustee (SV), ustpregion16.wh.ecf@usdoj.gov; Nancy J. Zamora, zamora3@aol.com, nzamora@ecf.epiqsystems.com; Adam N. Barasch, anb@severson.com; Kelly L. Morrison, kelly.l.morrison@usdoj.gov; Steven A. Wolvek, wolveklaw@sbcgolbal.net; Marisol A. Nagata, cdcaecf@bdfgroup.com;

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On October 4, 2012, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor: Laurel Belkin Greenstein, 5160 Llano Drive, West Hills, CA 91364
Behnaz Tavakoli, Rodeo Realty, Inc., 23901Calabasas Road, Suite 1050 Calabasas, CA 91302
Samuel R. Biggs, CPA, Biggs & Co., 3250 Ocean Park Boulevard, Suite 350, Santa Monica, CA 90405
Kate Bunker, Esq., Office of the United States Trustee, 21051 Warner Center Lane, Suite 115, Woodland Hills, CA 91367

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on October 4, 2012, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 4, 2012 | Cynthia Casas | /s/ Cynthia Casas |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

*Exhibit D p. 5 of 7*

American InfoSource LP as agent for
Midland Funding LLC
P.O. Box 268941
Oklahoma City, OK 73126-8941

ATKINSON ANDELSON LOYO ET AL
12800 CENTER COURT DR 300
CERRITOS CA 90703

Cavalry Portfolio Services
500 Summit Lake Drive, Suite 400
Valhalla, NY 10595

CHADWICKS
P.O. BOX 182782
COLUMBUS OH 433218

CHASE AUTO FINANCE
P.O. BOX 901076
FORT WORTH TX 76101

CHASE BAN K CREDIT CARD
P.O. BOX 15299
WILMINGTON DE 19850

CHRIS BROWNE
1118 NEW HAMPSHIRE APT 3
LOS ANGELES CA 90020

Christopher C. Browne
1118 N. New Hampshire Ave., Apt. 3
Los Angeles, CA 90029

CITIBANK
P.O. BOX 6000
THE LAKES NV 89163

Cyndi Bays
5160 Lllano Drive
Woodland Hills, CA 91364

DR BATEMAN
960 S WESTLAKE BLVD 14
WESTLAKE VILLAGE CA 91361

DR MICHAEL BATEMAN
60 RANCHO RD STE 1
THOUSAND OAKS CA 91362

Dr. Eugene Steiner
c/o Joseph Davis
Law Offices of Davis & Winston
9454 Wilshire Blvd., Ste. 801
Beverly Hills, CA 90212

FERGUSON CASE ORR ET AL
1050 S KIMBALL RD
VENTURA CA 93002

GE MONEY BANK
LOS ANGELES BLDG/SAFETY
6262 VAN NUYS BLVD
VAN NUYS CA 91401

HANSHAW AND EDELMAN
1160 WILSHIRE BLVD 800
VENTURA CA 93002

HOME DEPOT
P.O. BOX 689100
DES MOINES IA 50368

Joseph A. Davis, Esq.
9454 Wilshire Blvd., Ste. 801
Beverly Hills, CA 90212

Kris Jung
5160 Llano Drive
Woodland Hills, CA 91364

LANDRY'S INC
1510 W LOOP SOUTH
HOUSTON TX 77027

LARRY BELKIN
9805 BABBIT AVE
NORTHRIDGE CA 91325

LINEBARGER GOGGAN ET AL
1515 CLEVELAND PI 300
DENVER CO 80202

MCM
8875 AERO DR STE 200
SAN DIEGO CA 92123

METROSTYLE
P.O. BOX 182782
COLUMBUS OH 433218

NATREN INC
3105 WILLOW LANE
WESTLAKE VILLAGE CA 91361

NORTHLAND GROUP
P.O. BOX 390846
MINNEAPOLIS MN 55439

OLIVE VIEW MEDICAL CENTER
1445 OLIVE VIEW DR
SYLMAR CA 91342

PORTFOLIO RECOVERY
140 CORPORATE BLVD
NORFOLK VA 23501

Portfolio Recovery Associates, LLC
c/o Chadwicks
P.O. Box 41067
Norfolk, VA 23541

Rawlings
P.O. Box 2000
LaGrange, KY 40031-2000

SARAH NEWMARK
7416 108TH ST NW
GIG HARBOR WA 98322

*Exhibit D* p. 6 of 7

STUART COHEN
23801 CALABASAS RD 100
CALABASAS CA 91302

T-MOBILE
P.O. BOX 37380
ALBUQUERQUE NM 87176

THOMAS AND THOMAS
800 WILSHIRE BLVD STE 500
LOS ANGELES CA 90017

TTI
500 TECHNOLOGY DR STE 870
WELDON SPRINGS MO 63304

USCB
P.O. BOX 74929
LA CA 90004

VENTURA SUPERIOR COURT
800 VICTORIA ST
VENTURA CA 93009

WELLS FARGO MORTGAGE
P.O. BOX 10335
DES MOINES IA 50306-0335

XM RADIO
P.O. BOX 33174
DETROIT MI 48232

*Exhibit D*
*p. 7 of 7*

| LENDER'S name, street address, city, state, ZIP code, and telephone no. | | | OMB No. 1545-0877 | | **Acquisition or Abandonment of Secured Property** |
|---|---|---|---|---|---|

WELLS FARGO BANK, N. A.
4101 WISEMAN BOULEVARD
SAN ANTONIO TX
(800) 642-0257        78251-4201

2O**12**

Form 1099-A

| | | | |
|---|---|---|---|
| LENDER'S federal identification number | BORROWER'S identification number | 1 Date of lender's acquisition or knowledge of abandonment | 2 Balance of principal outstanding |
| 94-1347393 | 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 | 07/11/12 | $    529,037.21 |

**Copy B**
**For Borrower**

BORROWER'S name, Street address (including apt. no.), City, state, and ZIP code

LAUREL BELKIN - GREENST

5160 LLANO DR
WOODLAND HLS CA 91364 2902

3

4 Fair market value of property
$    675,000.00

This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if taxable income results from this transaction and the IRS determines that it has not been reported.

5 If checked, the borrower was personally liable for repayment of the debt . . . . . . . . ▶ [X]

6 Description of property

Account number (see instructions)
0044678241

5160     LLANO  DR
WOODLAND   CA 91364

Form **1099-A**                    (keep for your records)                    Department of the Treasury - Internal Revenue Service

---

## Instructions for Borrower

Certain lenders who acquire an interest in property that was security for a loan or who have reason to know that such property has been abandoned must provide you with this statement. You may have reportable income or loss because of such acquisition or abandonment. Gain or loss from an acquisition generally is measured by the difference between your adjusted basis in the property and the amount of your debt canceled in exchange for the property, or, if greater, the sale proceeds. If you abandoned the property, you may have income from the discharge of indebtedness in the amount of the unpaid balance of your canceled debt. The tax consequences of abandoning property depend on whether or not you were personally liable for the debt. Losses on acquisitions or abandonments of property held for personal use are not deductible. See Pub. 4681 for information about your tax consequences.

   Property means any real property (such as a personal residence); any intangible property; and tangible personal property that is held for investment or used in a trade or business.

   If you borrowed money on this property with someone else, each of you should receive this statement.

**Borrower's identification number.** For your protection, this form may show only the last four digits of your social security number (SSN), individual taxpayer identification number (ITIN), or adoption taxpayer identification number (ATIN). However, the issuer has reported your complete identification number to the IRS and, where applicable, to state and/or local governments.

**Account number.** May show an account or other unique number the lender assigned to distinguish your account.

**Box 1.** For a lender's acquisition of property that was security for a loan, the date shown is generally the earlier of the date title was transferred to the lender or the date possession and the burdens and benefits of ownership were transferred to the lender. This may be the date of a foreclosure or execution sale or the date your right of redemption or objection expired. For an abandonment, the date shown is the date on which the lender first knew or had reason to know that the property was abandoned or the date of a foreclosure, execution, or similar sale.

**Box 2.** Shows the debt (principal only) owed to the lender on the loan when the interest in the property was acquired by the lender or on the date the lender first knew or had reason to know that the property was abandoned.

**Box 4.** Shows the fair market value of the property. If the amount in box 4 is less than the amount in box 2, and your debt is canceled, you may have cancellation of debt income. If the property was your main home, see Pub. 523 to figure any taxable gain or ordinary income.

**Box 5.** Shows whether you were personally liable for repayment of the debt when the debt was created or, if modified, when it was last modified.

**Box 6.** Shows the description of the property acquired by the lender or abandoned by you. If "CCC" is shown, the form indicates the amount of any Commodity Credit Corporation loan outstanding when you forfeited your commodity.

0000 000824

*Exhibit E p.1 of 1*

**UNITED STATES DISTRICT COURFT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

Judgment Cancelling Foreclosure

The motion of Laurel Greenstein, debtor, against Wells Fargo Bank, N.A., having been heard on _____, and after hearing the evidence presented and argument of counsel, the court filed Findings of Fact and Conclusions of Law. In conformity with such findings and Conclusions, it is

ORDERED, ADJUDGED AND DECREED THAT:

1. The foreclosure sale conducted by the Defendant be, and it hereby is set aside.

2. The foreclosure deed to Wells Fargo Bank, N.A., be,
   and the same hereby is cancelled.


3. The foreclosure deed to Wells Fargo Bank, N.A., be,
   and the same hereby is stricken from the record in
   the Office of the Clerk of Los Angeles, California.


Dated: _____


BY THE COURT


_____

Honorable Judge Alan Ahart

United Stated Bankruptcy Judge

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

*17639 Sherman Way*
*Ste A - #35    Van Nuys, Ca. 91406*

A true and correct copy of the foregoing document described as *Motion to Set Aside Sale of Property Made in violation of automatic stay*

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On *Dec 27, 2013*, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*Judge Alan Ahart*
*Wells Fargo Bank, N.A.*

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| *12/27/13* | *Laurel Greenstein* | *Laurel Greenstein* |
|------------|---------------------|---------------------|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

**F 9013-3.1.PROOF.SERVICE**