1  Matthew J. Pero (#130746)
   mpero@afrct.com
2  Dean A. Reeves (#150558)
   dreeves@afrct.com
3  ANGLIN, FLEWELLING, RASMUSSEN,
   CAMPBELL & TRYTTEN LLP
4  199 South Los Robles Avenue, Suite 600
   Pasadena, California 91101-2459
5  Telephone: (626) 535-1900
   Facsimile: (626) 577-7764
6
   Attorneys for Creditor
7  WELLS FARGO BANK, N.A., successor by
   merger with Wells Fargo Bank Southwest, N.A.,
8  f/k/a Wachovia Mortgage, FSB, f/k/a World
   Savings Bank, FSB ("Wells Fargo")
9
                    **UNITED STATES BANKRUPTCY COURT**
10
            **CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO DIVISION**
11

| In re | Case No.: 1:12-bk-15099-AA |
|---|---|
| LAUREL GREENSTEIN, | Chapter 7 |
| Debtor. | **WELLS FARGO BANK, N.A.'S OPPOSITION TO DEBTOR'S MOTION TO SET ASIDE SALE OF PROPERTY MADE IN VIOLATION OF AUTOMATIC STAY** |
| | Date: February 12, 2014<br>Time: 10:30 a.m.<br>Ctrm: 303<br>Place: Courtroom 303<br>United States Bankruptcy Court<br>Central District of California<br>21041 Burbank Boulevard, Suite 342<br>Woodland Hills, CA 91367 |

Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo"), creditor in the instant proceeding and current owner of the subject property, hereby opposes Debtor's Motion to Set Aside Sale of Property Made in Violation of Automatic Stay, on the following grounds:

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Debtor has filed the latest motion in a long line of legal attempts to prevent Wells Fargo, beneficiary to the Deed of Trust recorded against the subject property, from initially completing the non-judicial foreclose, and subsequently attempting to set aside the completed trustee's sale. These misuses of the judicial system have included two separate suits in the civil courts, two adversary actions filed in the instant proceeding, contesting the unlawful detainer action brought to obtain possession of the subject property, as well as several other motions and applications filed in this and another bankruptcy proceeding. In each of these legal manuvers, Debtor has failed to obtain any of the relief she sought. Shortly after the state court dismissed her second civil action, Debtor filed the instant motion, once again seeking to set aside the lawful trustee's sale of the subject property that took place over a year and a half ago.

The current motion is fairly simple. Debtor argues that the trustee's sale took place after she filed her bankruptcy petition. Therefore, according to Debtor, since Wells Fargo failed to obtain relief from the automatic stay that arose once her petition was filed, the trustee's sale took place in violation of the automatic stay and thus must be set aside.

Since it does not fit her narrative of events, Debtor has failed to acknowledge the fact that another bankruptcy court issued an order providing Wells Fargo with in rem relief with respect to the subject property, and specifically authorized Wells Fargo to proceed with the trustee's sale. Despite the impact of this bankrutpcy order, and the large role it has played in Debtor's other legal proceedings, for the purposes of the instant motion, Debtor has apparently chosen to act as if the order does not exist. However, the order does exist, and the relief provided to Wells Fargo in that order completely undermines the instant motion brought by Debtor.

Therefore, Debtor's motion to set aside the trustee's sale should be denied.

## II. BACKGROUND INFORMATION

### A. The Loan and Deed of Trust

Prior to the commencement of her bankrutpcy proceeding, Debtor had owned the property located at 5160 Llano Drive, Woodland Hills, California ("Property"). (Greenstein

Decl., p.17:1-14.) On or about January 19, 2007, Debtor executed a written Note for value and delivered it to World Savings Bank, FSB ("World Savings").[1] Per the terms of the Note, Debtor promised to pay World Savings the principal sum of $510,000.00, beginning with payments on or about March 1, 2007, and continuing until paid in full. As security for the Note, on or about January 19, 2007, Debtor executed a Deed of Trust, which encumbered the Property, which was recorded on January 30, 2007. (Request for Judicial Notice ("RJN"), Exh. A.) World Savings was listed as the beneficiary under the Deed of Trust. Golden West Savings Association Co., A California Corporation ("Golden West"), was listed as the Trustee. *Id.*

Due to a default under the Agreement, a Notice of Default was issued by Cal-Western Reconveyance Corporation as agent for the lender on July 22, 2011. (RJN, Exh. B.) The Notice of Default was recorded on July 25, 2011. On August 17, 2011, Wells Fargo executed a Substitution of Trustee. (RJN, Exh. C.) This document substituted Cal-Western Reconveyance Corporation ("Cal-Western") as the new trustee on the Deed of Trust. The Substitution of Trustee was recorded on September 12, 2011. *Id.*

**B.    First Notice of Trustee Sale**

On October 26, 2011, a Notice of Trustee's sale was issued by Cal-Western. The foreclosure sale was to occur on November 15, 2011, at 9:00 a.m. (RJN, Exh. D.) The Notice of Trustee's Sale was recorded on October 26, 2011. *Id.*

**C.    Bankruptcy Filings by Other Parties with Alleged Interest in Property**

On or about October 10, 2011, Debtor appears to have executed a Grant Deed giving title in the Property to Roger Lipkis ("Lipkis"). (RJN, Exh. E.) The face of the Grant Deed indicated it was recorded on November 10, 2011. *Id.*

On November 18, 2011, Lipkis filed a Chapter 13 Bankruptcy Case in this Court, Case No. 1:11-bk-23430-MT ("Lipkis Proceeding"). (RJN, Exh. F; Bky. Dkt. #1.)[2] Wells Fargo and

---

[1] World Savings is now known as Wells Fargo Bank, N.A., successor by merger to Wachovia Bank, N.A., successor by merger to World Savings Bank, FSB ("Wells Fargo").

[2] A bankruptcy court, in adjudicating a motion to dismiss an adversary proceeding, may properly take judicial notice of any documents filed in the main bankruptcy case. *In re Lenz*, 448 B.R.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  Lipkis subsequently entered into a Stipulation to Modify/Terminate the Automatic Stay and
2  Extraordinary Relief as to the property due to the transfer of the Property being a part of a
3  scheme to delay, hinder and otherwise seek to interfere with Wells Fargo's rights to enforce its
4  state law remedies in connection with the Property pursuant to 11 U.S.C. §362(d)(4). (RJN, Exh.
5  G.) Wells Fargo and Lipkis also stipulated that the Order would be recorded in compliance with
6  applicable state laws governing notices of interest or liens in the Property, the Order would be
7  binding and effective under 11 U.S.C. § 362(d)4(A) and (B) in any other bankruptcy case
8  purporting to affect the Property and filed not later than two (2) years after the date of entry of
9  the Order. *Id.* An Order ("Lipkis Order") was entered on March 19, 2012. (Lipkis Proceeding,
10 Bky. Dkt. # 30.) The Order was subsequently recorded on March 28, 2012. (RJN, Exh. G.)

11  **D.    Second Notice of Trustee Sale**

12  On May 8, 2012, a second Notice of Trustee's Sale was issued by Cal-Western, and
13  recorded on May 14, 2012. (RJN, Exh. H.) The foreclosure sale was to occur on June 4, 2012,
14  at 9:00 a.m. *Id.*

15  **E.    Greenstein Bankruptcy Case**

16  On May 31, 2012 nearly two months after the Lipkis Order was entered against her
17  Property, Debtor filed the underlying Bankruptcy case as a Chapter 7 in this Court, Case No.
18  1:12-bk-15099-AA. (RJN, Exh. I; Greenstein Bky. Dkt. #1.)

19  **F.    Sale of Property**

20  Pursuant to the Lipkis Order, there was no Automatic Stay in effect on the Property, thus,
21  the Property was sold at the foreclosure trustee sale to Wells Fargo on July 11, 2012. The
22  Trustee's Deed Upon Sale was recorded on November 13, 2012. (RJN. Exh. J.)

23  **G.    Adversary Complaints**

24  On August 20, 2012, Debtor filed the initial adversary complaint, Case No. 1:12-ap-
25  01300. (RJN, Exh. K; Adv. Dkt. #1.) In response to Wells Fargo's motion to dismiss, on

---

28  832, 833 (Bankr. D. Or. 2011) (citations omitted); *In re Bottcher*, 441 B.R. 1, 4 (Bankr. D. Mass. 2010) (citations omitted); Fed. R. Evid. 201.

1  November 1, 2012, the Court issued an order granting the motion, without leave to amend,

2  finding that Debtor had no standing to bring the complaint. (Adv., Dkt. #22; RJN, Exh. L.)

3      Despite the court's previous ruling, on October 24, 2012, Debtor filed a second adversary

4  complaint against Wells Fargo, and other defendants, seeking the same relief. (Case No. 1:12-

5  ap-01379; RJN, Exh. M, 2nd Adv. Dkt. #1.) Once again, Wells Fargo filed a motion to dismiss

6  the second adversary complaint. (2nd Adv. Dkt. #10.) However, a few days before the hearing

7  on Wells Fargo's motion to dismiss, Debtor dismissed her second adversary action. (2nd Adv.

8  Dkt. #28.)

9  **III.    DEBTOR DOES NOT HAVE A LEGAL BASIS TO SET ASIDE THE TRUSTEE'S**

10        **SALE OF THE PROPERTY.**

11      In her motion, Debtor makes the very simple argument that since the trustee's sale of the

12  Property took place after Debtor's petition for bankruptcy was filed, the sale violated the

13  automatic stay that eminated from her bankruptcy proceeding. However, Debtor conveniently

14  ignores the existance of the Lipkis Order that provided Wells Fargo with the legal authority to

15  conduct the trustee's sale and subsequently record the trustee's deed upon sale. Thus Debtor's

16  argument fails to address Wells Fargo's right to proceed with the trustee's sale, despite Debtor's

17  bankruptcy proceeding.

18      **A.    Violation of the Automatic Stay**

19      The court in the Lipkis Proceeding issued an order granting Wells Fargo in rem relief

20  with respect to the Property. (RJN, Exh. G.) The Lipkis Order remains valid. Debtor has not

21  received any relief from the Lipkis Order. Thus, given the relief set forth in the Lipkis Order, the

22  trustee's sale that took place on July 11, 2012 was not in violation of the automatic stay that

23  arose from Debtor's bankrutpcy petition.

24      The Lipkis Order provides:

25        <u>Movant may enforce its remedies to foreclosure</u> upon and obtain

26        possession of the Property in accordance with applicable

27        nonbankruptcy law, but may not pursue any deficiency claim

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

against the Debtor or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

(RJN, Exh. G, ¶ 5, emphasis added.) Additionally, after concluding that the Lipkis Deed was "part of a scheme to delay, hiner, and defraud creditors, the Lipkis Order includes the following provision:

> If recorded in compliance with applicable state law governing notices of interests or liens in the Property, <u>this Order is binding and effective under 11 U.S.C. § 362(d)(4)(A) and (B) in any other bankrutpcy case purporting to affect the Property filed not later than 2 years after the date of entry of this Order</u>, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing.

(RJN, Exh. G, ¶ 9, emphasis added.) As noted above, Lipkis Order was properly recorded with the Los Angeles County Recorder's Office on March 28, 2012.

Therefore, even though the trustee's sale took place after Debtor filed her bankrutpcy petition, the trustee's sale did violate the automatic stay. The Lipkis Order provides specific in rem relief with the respect to the Property, and provided legal authority to Wells Fargo and its trustee to proceed with the trustee's sale. Despite Debtor's claim, there is no violation of the automatic stay based upon these facts, nor has any violation been articulated under 11 United States Code section 362, and thus no basis to set aside the trustee's sale.

**B.    Statutory Authority to Foreclose**

Additionally, any argument by Debtor that the trustee's sale was not properly conducted is also without merit.

"If the trustee's deed recites that all statutory notice requirements and procedures required by law for the conduct of the foreclosure have been satisfied, a rebuttable presumption arises that the sale has been conducted regularly and properly; this presumption is conclusive as to a bona fide purchaser." *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 441 (2003) (citations and

1  internal quotations omitted); Cal. Civ. Code, § 2924 ("A recital in the deed executed pursuant to

2  the power of sale of compliance with all requirements of law regarding the mailing of copies of

3  notices or the publication of a copy of the notice of default or the personal delivery of the copy

4  of the notice of default or the posting of copies of the notice of sale or the publication of a copy

5  thereof shall constitute prima facie evidence of compliance with these requirements and

6  conclusive evidence thereof in favor of bona fide purchasers and encumbrancers for value and

7  without notice.").

8      Under California law, "'[a] properly conducted nonjudicial foreclosure sale constitutes a

9  final adjudication of the rights of the borrower and lender,'" and "as a general rule, a trustee's

10 sale is complete upon acceptance of the final bid." *Nguyen*, 105 Cal.App.4th at 440-41 (citations

11 omitted).) Debtor fails to establish any facts to overcome the presumption that the sale was

12 "properly conducted," the foreclosure sale in this case finally adjudicated the rights of the

13 parties. That final adjudication of the parties' rights bars Debtor's attempt to set aside the sale.

14     **C.**    **Debtor's Failure to Tender**

15     Debtor asserts a challenge to the foreclosure sale in her motion that "without having

16 obtained from this court a modification of the automatic stay . . ., proceeded to foreclose its first

17 lien on said property on July 11, 2012." (Mot., ¶ 9, p. 4:13-19.) However, Debtor lacks standing

18 to challenge the foreclosure because she has not tendered, nor even offered to tender, the

19 undisputed obligation in full. The tender requirement applies "to any cause of action for

20 irregularity in the sale procedure." *Abdallah v. United Sav. Bank*, 43 Cal.App.4th 1101, 1109

21 (1996). "[T]he law is long-established that a trustor or his successor must tender the obligation

22 in full as a prerequisite to challenge of the foreclosure sale." *U.S. Cold Storage v. Great W. Sav.*

23 *& Loan Ass'n*, 165 Cal.App.3d 1214, 1222 (1985). The rationale for the tender requirement has

24 been stated as follows:

25         It would be futile to set aside a foreclosure sale on the technical

26         ground that notice was improper, if the party making the challenge

27         did not first make full tender and thereby establish his ability to

28         purchase the property. Thus, it is sensible to require that a trustor,

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

> whose default to begin with resulted in the foreclosure, give proof
> before the sale is set aside that he now can redeem the property.

*Id*. at 1225 (emphasis added). It has been held that "[w]hen a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure." *Alicea v. GE Money Bank*, C 09-00091 SBA, 2009 U.S. Dist. LEXIS 60813 (N.D. Cal. July 16, 2009). Here, Debtor fails to show that she has made a credible tender of the amount of the secured debt. Accordingly, Debtor lacks standing to challenge the foreclosure on the Property. As such, the failure to tender is further grounds to deny Debtor's motion.

## IV. CONCLUSION

For the reasons stated above, the Court should deny Debtor's motion to set aside the trustee's sale of the Property.

Respectfully submitted,

Dated: January 29, 2014

ANGLIN, FLEWELLING, RASMUSSEN,
CAMPBELL & TRYTTEN LLP

By: */s/ Matthew J. Pero*
    Matthew J. Pero
Attorneys for Creditor
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo")

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, CA 91101

A true and correct copy of the foregoing document entitled (*specify*): **WELLS FARGO BANK, N.A.'S OPPOSITION TO DEBTOR'S MOTION TO SET ASIDE SALE OF PROPERTY MADE IN VIOLATION OF AUTOMATIC STAY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

Honorable Alan M. Ahart, United States Bankruptcy Court, Central District of California
21041 Burbank Boulevard, Suite 342 / Courtroom 303, Woodland Hills, CA 91367  | (818) 587-2836

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 29, 2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Kelly L Morrison | kelly.l.morrison@usdoj.gov |
| Marisol A Nagata | cdcaecf@bdfgroup.com |
| Matthew J Pero | mpero@afrct.com, bcruz@afrct.com |
| United States Trustee (SV) | ustpregion16.wh.ecf@usdoj.gov |
| Steven A Wolvek | wolveklaw@sbcglobal.net |
| Nancy J Zamora (TR) | zamora3@aol.com, nzamora@ecf.epiqsystems.com |

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) January 29, 2014, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Laurel Belkin Greenstein
17639 Sherman Way Ste A, PMB # 35
Van Nuys, CA 91406

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 29, 2014 | Rachelle H. Guillory | */s/Rachelle H. Guillory* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1  <u>Additional Service Information Continued</u>

2  <u>By Overnight Mail</u>
   The Honorable Alan M. Ahart
3  United States Bankruptcy Court
   Central District of California
4  21041 Burbank Boulevard
   Suite 342 / Courtroom 303
5  Woodland Hills, CA 91367

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP